UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

WALTER LEE DEITER,

    Petitioner,

v.                                                                    No. 22-CV-677-MV-JMR
                                                                       No. 10-CR-622-MV-JHR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is Walter Lee Deiter's Successive Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 (the "Second Motion") (Doc. 1).[1]  Mr. Deiter is in the custody of a BOP halfway house and proceeding *pro se*.  He challenges his 2014 judgment and sentence on the ground that he received ineffective assistance of counsel.  Because the Court lacks jurisdiction to consider second or successive § 2255 motions without prior authorization from the Tenth Circuit, the Motion will be dismissed without prejudice.

## BACKGROUND

In 2014, a jury found Mr. Deiter guilty of possessing a firearm and ammunition as a felon in violation 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  (CV Docs. 268, 328).  The Court (Hon. Martha Vázquez) imposed a sentence of 180 months imprisonment.  (Id.).  The Tenth Circuit affirmed his conviction in 2014. (CR. Doc. 283). In 2015, Mr. Deiter filed a Motion to Vacate under 28 U.S.C. § 2255 (the "First Motion"). The Court (Hon. Karen Molzen) held an evidentiary hearing and filed a Proposed Findings of Fact and Recommended Disposition ("PFRD"),

---

[1] Unless otherwise noted, all docket references are to the criminal case, 13-cr-3892.

recommending that the First Motion be denied on the merits and that a certificate of appealability be granted on the issue of whether Mr. Deiter's prior conviction for bank robbery constituted a "violent felony" under the elements clause of the Armed Career Criminal Act. (Cr. Doc. 309). Over Mr. Deiter's written objections, Judge Vázquez adopted the PFRD and dismissed the First Motion. (CR. Doc. 311). Mr. Deiter appealed that ruling, and the Tenth Circuit affirmed the dismissal. (CR. Doc. 324). He then filed a Petition for a Writ of Certiorari, which the United States Supreme Court denied. (CR. 325).

Nearly four years later, Mr. Deiter filed the Second Motion. (CR. Doc. 331, Doc. 1). Claiming that his attorney failed to research whether a prior conviction for the sale of cocaine was a valid predicate offense for the purpose of sentence enhancement and failed to raise the issue at sentencing, Mr. Deiter argues that he received ineffective assistance of counsel. (Id.). The second § 2255 Motion is ready for *sua sponte* screening under Habeas Corpus Rule 4.[2]

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

---

[2] The habeas rules require that the Court examine each § 2255 motion before ordering an answer. "If it plainly appears from the [motion] and any attached exhibits that the petitioner is not entitled to relief, … the Judge must dismiss the [motion]." Habeas Corpus Rule 4.

Where, as here, the defendant files a second § 2255 motion without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Id.* at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Mr. Deiter does not proffer any newly discovered evidence or cite a new rule of constitutional law by the Supreme Court. While Mr. Deiter cites an Eleventh Circuit case, *United States v. Jackson*, 55 F. 4th 846 (11th Cir. 2022), successive § 2255 motions must be based on a new ruling by the United States Supreme Court. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001). Circuit rulings do not qualify under the exception.

For these reasons, the Court finds that Mr. Deiter's Second Motion likely lacks merit and that it was clear at the time of filing that the Court lacked the requisite jurisdiction. The Court therefore declines to transfer the Motion to the Tenth Circuit and will instead dismiss this matter for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as this Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Walter Lee Deiter's Successive Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 **(Doc. 1; CR Doc. 331)** is **DISMISSED** without prejudice for lack of jurisdiction; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
HON. MARTHA VAZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE